UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LULA ALFRED | CIVIL ACTION NO. 6:14-cv-03436 |
| VERSUS | JUDGE HAIK |
| U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

## RULING ON MOTIONS

Currently pending are the claimant's motion to compel (Rec. Doc. 10) and the Commissioner's motion to remand (Rec. Doc. 14). The motion to compel is not opposed. The motion to remand is opposed to the extent that certain conditions on the remand are requested by the claimant. (Rec. Doc. 17). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, both motions are GRANTED.

### BACKGROUND

The claimant, Lula Alfred, alleges that she has disabling medical conditions. She started receiving Social Security disability benefits in 1987, but medical improvement resulted in a ruling dated July 5, 2002, terminating her benefits as of September 1, 1997. (Rec. Doc. 7-1 at 25). She was not required to repay any of the benefits that she received between 1997 and 2002. (Rec. Doc. 7-1 at 25). She then

filed a new Social Security disability claim, alleging a disability onset date of August 1, 2002. On August 25, 2004, her application was denied, and she was found not to be disabled from August 1, 2002 through August 25, 2004. (Rec. Doc. 7-1 at 609-615). The claimant requested Appeals Council review of that ruling, but no action was taken by the Appeals Council for several years. In the meantime, the claimant filed another application for disability benefits, alleging an onset date of May 19, 2008, and she was awarded disabled widows' benefits and SSI benefits starting on that date. (Rec. Doc. 7-1 at 623). In an order dated May 29, 2012, which included an apology for the delay in ruling (Rec. Doc. 7-1 at 603), the Appeals Council ordered a new hearing with regard to the application that was ruled on in 2004, as well as an opportunity for the claimant to submit additional evidence. (Rec. Doc. 7-1 at 602). A hearing was held on June 4, 2013,[1] and a new ruling was issued on October 25, 2103. (Rec. Doc. 7-1 at 581-594). The ALJ determined that the claimant has the following severe impairments: hypertension with a history of lacunar infarct, rare supraventricular ectopic beats per Holter monitor, and vision impairment resulting in monocular vision (Rec. Doc. 7-1 at 586), but further found that those

---

[1] The hearing transcript indicates that the hearing was held on June 4, 2014 (Rec. Doc. 7-1 at 775, 840), but that apparently is a typographical error since the hearing testimony was referred to in the ALJ's ruling dated October 25, 2013 (Rec. Doc. 7-1 at 581, 583, 584, 592, 593), and the ruling refers to a hearing held on June 4, 2013 (Rec. Doc. 7-1 at 581).

conditions are not disabling (Rec. Doc. 7-1 at 594). In this action, the claimant is appealing that ruling. Therefore, she is now seeking benefits for the period from July 6, 2002 (the onset date alleged in her application dated August 1, 2002) to May 18, 2008 (the date preceding the date on which the claimant was found to be disabled).

## THE MOTION TO COMPEL

In the motion to compel (Rec. Doc. 10), the claimant seeks to require the Commissioner to supplement the record with certain documents that were omitted from the record. In particular, the claimant argues that the exhibit list that should appear on page 5C and the documents comprising Exhibit C-5-F are missing. (Rec. Doc. 10 at 3). This is important because the ALJ's October 2013 ruling refers to the missing exhibit. (Rec. Doc. 7-1 at 582).

The Commissioner responded (Rec. Doc. 13) to the motion by admitting that page 5C and Exhibit C-5-F are missing from the certified administrative record transcript and stating that the Commissioner had already requested that a new transcript, including the missing items, be prepared. As of the date of the Commissioner's response, however, that request remained pending.

Having a complete administrative record is critical to this appeal. Accordingly, the motion to compel will be granted, and the Commissioner will be ordered to

reconstruct the record and, in particular, to supplement the record with the documents noted by the parties to be missing from the record as it currently exists.

## THE MOTION FOR REMAND

After the claimant filed her motion to compel, the Commissioner filed a motion for remand. (Rec. Doc. 14). In that motion, the Commissioner argued that this matter should be reversed and remanded for reconstruction of the administrative record, for another hearing, and for a new decision. (Rec. Doc. 14-1 at 1). Thus, the remand motion seeks the same remedy requested in the motion to compel as well as additional relief.

The claimant opposed the motion for remand (Rec. Doc. 17), asserting two broad objections to the Commissioner's proposed remand order. In reality, the claimant does not oppose remand, but proposes two significant conditions on this Court's anticipated remand order.

First, the claimant argues that, because she has conditions that are slowly progressing, the Commissioner should be ordered to comply with SSR 83-20 in establishing the onset date of her alleged disability. More particularly, the claimant requests an order requiring that the Commissioner be aided by three medical advisers, i.e., an ophthalmologist, a psychiatrist, and an internist, in determining the onset date of her alleged disability by inference.

This Court finds, however, that SSR 83-20 does not require a medical adviser in every case in which the claimant has a slowly progressive impairment. The rule itself states that "[w]ith slowly progressive impairments, it is *sometimes* impossible to obtain medical evidence establishing the precise date an impairment became disabling." [Emphasis added.] The clear implication of this statement is that a claimant's medical records can sometimes be relied upon to establish the date on which such an impairment became disabling. The rule states that the ALJ must make be "an informed judgment of the facts in the particular case" and this judgment must have "a legitimate medical basis." The rule further states that, in those cases when onset must be inferred, the ALJ "should call on the services of a medical advisor."

Although the claimant argues that this is a case in which the nature of her impairments requires the onset date to be inferred, this Court has not yet reviewed the voluminous administrative record, which as noted previously is missing some evidence, and consequently has not evaluated whether the evidence in the record is sufficient to allow determination of the claimant's disability onset date (if she was, in fact, disabled during the relevant time period) without the assistance of a medical advisor. Therefore, it would be premature for this Court to order the ALJ to which this case is remanded to obtain the services of three medical specialists as advisors with regard to the determination of the disability onset date. Instead, this Court will

simply remind the Commissioner that all pertinent rules and regulations, including but not limited to SSR 83-20, must be complied with in deciding whether the claimant was disabled between July 6, 2002 and May 18, 2008 and if so when that disability began.

The claimant's second proposed condition for remand is that this matter should be assigned to a different ALJ on remand, citing alleged errors made by ALJ Lawrence T. Ragona at the June 2013 hearing and in his October 2013 decision. Without fully evaluating the issues raised by the claimant in support of this objection, which go to the merits of the claimant's appeal, this Court notes that the transcript of the hearing (Rec. Doc. 7-1 at 775 to 840) reveals that there was animosity between ALJ Ragona and the claimant's representative during the hearing. That animosity is sufficient to persuade this Court that a different ALJ should review this matter on remand.[2] Accordingly, this Court will grant the motion to remand and order that this matter be assigned to an ALJ other than Judge Ragona.

### CONCLUSION

For the foregoing reasons,

---

[2] Cases in this circuit have previously been remanded with instructions to have a different ALJ assigned to reconsider the evidence. See, e.g., *Hunter v. Comm'r of Soc. Sec. Admin.*, No. 3:11-CV-2649-O, 2012 WL 4741231, at *13 (N.D. Tex. Sept. 6, 2012), report and recommendation adopted, No. 3:11-CV-2649-O, 2012 WL 4748212 (N.D. Tex. Oct. 4, 2012); *Jimmerson v. Apfel*, 111 F. Supp. 2d 846, 846 (E.D. Tex. 2000).

IT IS ORDERED that this matter be REVERSED and REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings including but not limited to (a) reconstruction of the administrative record in its entirety to ensure that all evidence be included therein, including but not limited to the exhibit list purported to appear at page 5C of the current record and the documents constituting Exhibit C-5-F of the current record, (b) permitting the claimant to supplement the record as necessary or appropriate, (c) holding another hearing before an ALJ other than Judge Ragona, (d) if warranted, obtaining medical expert testimony regarding the onset date of the claimant's alleged disability; and (e) issuing a new decision prepared in accordance with all applicable rules and regulations including but not limited to SSR 83-20.

Signed at Lafayette, Louisiana, on December 8, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE